## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Po Marner,<br><br>      Petitioner,<br><br>v.<br><br>Loretta Lynch; Jeh Johnson, Secretary of the Department of Homeland Security; Jason Sieving, U.S. Ice Field Office, Warden of Immigration Detention Facility; and Sarah Saldana, Director, U.S. Immigration and Custom Enforcement,<br><br>      Respondents. | Civ. No. 16-3628 (PAM/BRT)<br><br><br><br>**REPORT AND RECOMMENDATION** |

Po Marner, Petitioner, *pro se*.

Ana H. Voss, Esq., United States Attorney's Office, counsel for Respondents.

BECKY R. THORSON, United States Magistrate Judge.

  On April 15, 2016, the Petitioner, Po Marner, was ordered removed by an immigration judge on the ground that he had been convicted of a crime which constituted a removable offense under the Immigration and Nationality Act, 8 U.S.C. § 1182. (Doc. No. 13, Declaration of Ana H. Voss, Ex. 1 at 5.) On October 25, 2016, Marner filed the instant petition, challenging the length of his detention pending his removal to Burma. (Doc. No. 1.) On December 8, 2016, Immigration and Customs Enforcement issued a release notification, and Petitioner was released from custody subject to an Order of Supervision. (Voss Decl., Ex. 1 at 5.) The Order of Supervision, among other things,

requires Petitioner to cooperate with ICE and to attempt to procure travel documents. (*Id.*)

Respondents argue that Petitioner's release from custody renders this action moot. United States District Judge Patrick J. Schiltz recently confronted an identical situation, finding that a habeas petition challenging post-removal-order detention became moot when the petitioner was released from custody, even though the petitioner was subject to certain conditions upon his release. *Kargbo v. Brott*, Case No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162 at *2 (D. Minn. July 6, 2016). As Judge Schiltz explained,

> If the Court were to grant . . . relief [from post-removal-order detention] . . . ., Kargbo would still be subject to the order of removal. The government would still have the right—indeed, the obligation—to impose release conditions in an order of supervision under 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.13(h). Kargbo could still be taken into custody if he violated his release conditions or circumstances changed such that there was a significant likelihood of removal in the reasonably foreseeable future.
>
> In other words, if the Court . . . gave Kargbo every bit of relief that he seeks in his supplemental habeas petition, Kargbo would find himself in *precisely* the situation in which he already finds himself. Absolutely nothing would change. This is the very definition of mootness.

*Id.* at *2 (emphasis in original). Judge Schiltz further explained that the release conditions "are not consequences of the *detention[ ]*, but consequences of the *removal order*." *Id.* (emphasis in original). This habeas petition, as in *Kargbo*, does not "challenge the removal order; instead, [it] challenge[s] only [Petitioner's] detention[], which [has] now ended." *Id.* Petitioner also does not "challenge the lawfulness of his release conditions," since the petition was filed before Petitioner was released and the conditions were imposed. *Id.* If Petitioner "believes that ICE acted unlawfully in imposing one or more of

those conditions, he can bring a new action challenging those conditions; but no such challenge is included in" this petition. *Id.* This action is therefore moot. *See also Mohamed v. Lynch*, No. 15-cv-2726 (JRT/LIB), 2016 WL 563164, at *4 (D. Minn. Jan. 26, 2016), *report and recommendation adopted* 2016 WL 593512 (D. Minn. Feb. 12, 2016) ("Petitioner's release from detention subject to conditions while ICE continues to pursue his removal . . . eliminated any live controversy over the legality of Petitioner's prior post removal Order detention" and "none of the exceptions to the mootness doctrine applies.").

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** as moot.

Dated: December 29, 2016                    *s/ Becky R. Thorson*
                                            BECKY R. THORSON
                                            United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report by **January 12, 2017**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.